1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BECKY DEVELLE,

                Plaintiff,

v.

ERIN WASLEY, et al.,

                Defendants.

CASE NO. C15-5911BHS

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
REVOKING PLAINTIFF'S *IN
FORMA PAUPERIS* STATUS

This matter comes before the Court on Defendants NW Family Psychology, LLC

("NW"), and Landon Poppleton's ("Poppleton") motion for summary judgment (Dkt.

19), Defendant Erin Wasley's ("Wasley") joinder in that motion (Dkt. 20), and Defendant

Clark County's ("County") joinder in the motion (Dkt. 21). The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file

and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 17, 2015, the Court granted Plaintiff Becky Develle's ("Develle")

motion to proceed *in forma pauperis* and accepted her civil rights complaint against

Defendants NW, Poppleton, Wasley, and the County ("Defendants"). Dkts. 2, 3. Develle

1   alleges causes of action under Title VII of the Civil Rights Act of 1964, as amended, 42

2   U.S.C. § 2000e, *et seq*., 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985.  Dkt.

3   3 at 1.

4       On May 23, 2016, NW and Poppleton filed a motion for summary judgment (Dkt.

5   19), and Wasley joined in that motion (Dkt. 20).  On May 24, 2016, the County joined in

6   the motion as well.  Dkt. 21.  On June 6, 2016, Develle filed a motion for an extension of

7   time to respond to the motion.  Dkt. 25.  On June 15, 2016, Develle filed a response.  Dkt.

8   31.  On June 16, 2016, the Court granted Develle's motion, renoted the motion for

9   summary judgment, and extended Develle's response deadline to June 27, 2016.  Dkt. 33.

10   Develle did not file another response.  On June 28, 2016, NW and Poppleton replied.

11   Dkt. 35.

12                              **II. FACTUAL BACKGROUND**

13       In her complaint, Develle alleges that Defendants were involved in her dissolution

14   proceeding in the Clark County Court.  Dkt. 3 at 2.  Develle contends that Wasley and

15   Poppleton were employed by NW and appointed to some role in the proceeding.  *Id*.  She

16   claims that Poppleton negligently recommended a custody placement for her child that

17   resulted in the wrongful death of the child.  *Id*.  While some of these facts are true, some

18   other important facts are missing from the complaint.

19       After the dissolution proceeding was completed, the Washington Court of Appeals

20   affirmed the trial court's rulings on Develle's appeal.  In that opinion, the court set forth

21   the facts as follows:

22

Marc and Becky were married in June 1986. Becky filed for legal separation in March 2011. Marc and Becky had eight children together, five of whom were dependents at the time of trial. Throughout the marriage, Becky was a homemaker who also homeschooled the children.

Dr. Landon Poppleton, a clinical psychologist, conducted a custody evaluation for the Develle family. The efficacy of Becky's teaching methods were central to the resolution of the parenting plan. Dr. Poppleton found that, notwithstanding intelligence quotients in the normal ranges, each of the children scored unacceptably low in various domains of their academic achievement. Citing complaints from the children, Dr. Poppleton noted serious concerns regarding Becky's ability to provide a healthy, supportive home routine including adequate nutrition. Dr. Poppleton also had concerns about Becky's live-in boyfriend's son (D.J.) who had propositioned one of Becky's young daughters for sex.

The trial court appointed Erin Wasley as guardian ad litem to serve as a liaison between the court and the Develle children. Wasley's subsequent investigations corroborated many of Dr. Poppleton's concerns.

The parties proceeded to trial in August 2012. On the second day of trial, the parties announced on the record that they had reached "a global agreement on all of the issues at this time." 2 Report of Proceedings (RP) at 35. The parties agreed that the two youngest children, H.D. and B.D., would remain primarily with Becky while Marc would retain custody over the remaining three dependent children. The trial court adopted the parties' agreement including a review hearing 45 days after entry of the order to determine whether the parenting schedule proved successful for the family and also to reexamine the custody arrangement if necessary. The agreement provided that Marc would pay Becky $1,000 per month in child support, but the trial court made it clear that this amount was subject to review at a later date.

The agreement further specified that Marc had sole decision-making rights relating to the children's education and that Becky could no longer homeschool the children. Moreover, the parties agreed that D.J. would not have unsupervised contact with H.D. or B.D.

The parties agreed that Marc would receive the family home. The trial court ordered Becky to vacate the home and to leave it in a clean and habitable condition. The trial court permitted Becky to take some of the personal property from the home provided she made a list of those items and left the children's possessions there.

The court specifically warned Becky not to leave the home empty of furnishings. The trial court discussed each agreement provision, asking Becky and Marc separately whether they agreed. Becky answered in the affirmative to each question, including the maintenance and child support issue (with the associated review period) as well as the custody arrangement. Becky also answered affirmatively when the trial court asked her whether she "firmly believed" that she and Marc had an agreement. 2 RP at 60. The terms of the agreement were accurately memorialized in a decree of dissolution, parenting plan, and order of child support.

The trial court instructed Wasley to monitor the children's progress to determine whether the parenting schedule and custody arrangement was working for the family. Before the first review hearing, Marc filed a motion for contempt based in part on reports that there had been a second incident involving D.J. making inappropriate sexual remarks to H.D. Marc alleged that Becky continued to fail to protect H.D. from D.J. contrary to the court's previous order. Marc also complained that the home was in disarray when Becky left and that she took the children's personal property.

The trial court set these matters over for a review hearing the following week. There, informed initially by Wasley's report, the trial court heard testimony from Becky regarding her efforts to supervise her children around D.J. amidst allegations that there had been further unseemly conduct. Becky conceded that she had left H.D. alone with D.J. for a short time on one occasion. Becky also admitted that she allowed B.D. and D.J. to sleep in the same bedroom, asserting ignorance as to that particular prohibition in the parenting plan.

The trial court awarded temporary custody of H.D. and B.D. to Marc pending an evidentiary hearing. Wasley testified at the evidentiary hearing and recommended that Becky be denied overnight visits from that point forward. Wasley's recommendation was based on her ongoing investigation and her interviews with the Develle children. Wasley noted that Becky actively minimized the risk D.J. posed and that the children strongly preferred the current schedule with Marc as the primary parent. Wasley also doubted whether Becky was willing to enforce the court's restrictions.

The trial court examined the factors contained in RCW 26.09.187(3) and concluded that Marc was best suited for primary custody of all the dependent children. The court expressed several concerns, not the least of which was its uncertainty that Becky could provide a loving, stable, and consistent relationship with each of the children. The trial court also noted that, in its view, Becky had overlooked the emotional and developmental needs of the children and that, unlike Marc's home, there were allegations of recent emotional and physical abuse in Becky's home. The court awarded primary custody to Marc on a permanent basis.

Becky moved for reconsideration, claiming that the children had been coached to lie. The court denied Becky's motion, ruling that she had not established her burden under either CR 59 or CR 60. The trial court then found Becky in contempt for failing to leave the family home in a clean and habitable condition and because she defied the same order by taking the vast majority of the parties' personal property, including the children's personal property. The trial court allowed her to purge the contempt finding by returning specific items belonging to the children.

*In re Marriage of Develle*, 187 Wn.App. 1036 (2015*), review denied sub nom. Develle v. Develle*, 185 Wn.2d 1010 (2016).  This opinion was issued May 27, 2015.

1    In August 2015, Develle filed a complaint against Poppleton in Clark County

2  Superior Court for the state of Washington.  Dkt. 19-1 at 47.  The allegations and claims

3  in that complaint are similar to the allegations and claims in this action.  For example,

4  Develle asserts that Poppleton violated his fiduciary duties in such a way that

5  proximately caused the wrongful death of her child.  *Id*. at 48–49.  She asserted claims

6  for emotional distress, loss of consortium, and loss of enjoyment of life.  *Id*. at 49.  On

7  December 11, 2015, the court granted Poppleton's motion to dismiss and dismissed

8  Develle's claims with prejudice.  *Id*. at 58–59.  Develle appealed the decision that same

9  day.  *Id*. at 61.  Defendants contend that the appeal is pending and that Develle's opening

10 brief is due shortly.  Dkt. 19 at 8.

11    With regard to the death of Develle's child, Defendants state that "[h]e tragically

12 committed suicide at age 17."  *Id*.  In a separate action, Develle has sued her former

13 husband, Marc Develle, and his new wife, Robyn Develle, asserting causes of action for

14 wrongful death and personal injuries.  Dkt. 19–1 at 66.

15                             **III. DISCUSSION**

16    Defendants move for summary judgment based on principles of res judicata and

17 collateral estoppel.  Dkt. 19 at 12.

18 **A.     Summary Judgment Standard**

19    Summary judgment is proper only if the pleadings, the discovery and disclosure

20 materials on file, and any affidavits show that there is no genuine issue as to any material

21 fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

22 The moving party is entitled to judgment as a matter of law when the nonmoving party

1    fails to make a sufficient showing on an essential element of a claim in the case on which

2    the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

3    323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole,

4    could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

5    *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

6    present specific, significant probative evidence, not simply "some metaphysical doubt").

7    *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists

8    if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

9    jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

10   U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

11   626, 630 (9th Cir. 1987).

12          The determination of the existence of a material fact is often a close question. The

13   Court must consider the substantive evidentiary burden that the nonmoving party must

14   meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

15   U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

16   issues of controversy in favor of the nonmoving party only when the facts specifically

17   attested by that party contradict facts specifically attested by the moving party. The

18   nonmoving party may not merely state that it will discredit the moving party's evidence

19   at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

20   *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

21   nonspecific statements in affidavits are not sufficient, and missing facts will not be

22   presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    Res Judicata**

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).  The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*

In this case, Develle's federal claims could have been raised in the prior state court action.  Develle fails to show that these federal claims were not ripe when she filed the state court action in August 2015.  In other words, Develle fails to show and the record is silent on any fact that occurred between August 2015 and December 2015 that is necessary to form the basis of any of her federal claims.  In fact, the record suggests that Develle filed this action as a reaction to the state court action being dismissed.  Develle does argue that "developments in the lower state court [action], too new to provide here . . . will tend to prove the existence of the [alleged] conspiracy."  Dkt. 31 at 2–3.  However, "[a]rgument without evidence is hollow rhetoric that cannot defeat summary judgment." *Teamsters Local Union No. 117 v. Washington Dep't of Corr.*, 789 F.3d 979, 994 (9th Cir. 2015).  Therefore, the Court concludes that Develle could have added her claims to the state court action against Poppleton.

With regard to the first element, "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the

1   two suits arise out of the same transactional nucleus of facts.'"  *Frank v. United Airlines,*

2   *Inc.*, 216 F.3d 845, 851 (9th Cir.2000) (citation omitted).

3          In this case, the alleged facts are almost identical.  *Compare* Dkt. 3 *with* Dkt. 19 at

4   47–49. The facts relate to Develle's dissolution proceeding and the tragic death of her

5   son.  Develle has failed to submit any new facts, and her complaint is not verified.

6   Where no factual showing is made in opposition to a motion for summary judgment, the

7   District Court is not required to search the record *sua sponte* for some genuine issue of

8   material fact.  *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029

9   (9th Cir.2001).  Therefore, the Court concludes that the facts are at most identical and at

10  least arise out of the same transactional nucleus.

11         With regard to the second element, the state court entered a final judgment.  The

12  court dismissed Develle's claims with prejudice, which is a final judgment because it

13  disposed of all claims against all parties.  *See James v. Price Stern Sloan, Inc.*, 283 F.3d

14  1064, 1065 (9th Cir. 2002).  Therefore, the Court concludes that Defendants have met

15  this element.

16         Finally, Defendants argue that there is an identity and privity of parties.  Even

17  when the parties are not identical, privity may exist if "there is 'substantial identity'

18  between parties, that is, when there is sufficient commonality of interest."  *In re*

19  *Gottheiner*, 703 F.2d 1136, 1140 (9th Cir.1983) (citation omitted); *see also Stratosphere*

20  *Litigation*, 298 F.3d at 1142 n. 3 (finding privity when a party is "so identified in interest

21  with a party to former litigation that he represents precisely the same right in respect to

22  the subject matter involved") (citation omitted).

1    In this case, the Court concludes that some Defendants have met this element.

2    Poppleton is the same party as he was the only defendant in the state court action. *Tahoe-*

3    *Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir.

4    2003) ("parties in both actions are identical, and therefore quite obviously in privity.")

5    NW has privity to Poppleton because it is his employer.  Wasley also has privity because

6    her interests are identical to Poppleton in that she was also appointed by the court and is

7    entitled to quasi-judicial immunity. *Id*. at 1082 (privity exists "where the interests of the

8    nonparty and party are "so closely aligned as to be virtually representative.").  In other

9    words, Poppleton and Wasley are so closely aligned as court-appointed parties that

10   Wasley was virtually represented by Poppleton.  Therefore, the Court grants NW,

11   Poppleton, and Wasley's motion on the issue of res judicata.

12   With regard to the County, it fails to show that it is in privity to Poppleton.  While

13   it is true that a County judge appointed Poppleton, the County fails to provide any

14   authority on this issue in its one-sentence joinder in Poppleton's motion.  Dkt. 21.

15   Therefore, the Court denies the County's motion on this issue.

16   **C.    Statute of Limitations**

17   The County joins in Poppleton's motion arguing that the applicable statute of

18   limitations is three years.  Dkt. 19.  Develle does not contest this argument.[1]  Dkt. 31 at 2.

19   Instead, she argues that her complaint was timely and, if not, principles of equitable

20

21        [1] Actions pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3) borrow state general
personal injury statute of limitations, which in Washington is three years. *McDougal v. Cty. of*

22   *Imperial*, 942 F.2d 668, 674 (9th Cir. 1991); RCW 4.16.080.

1  tolling apply.  With regard to the latter, Develle fails to provide any facts or additional

2  argument in support of her assertion.  "Argument without evidence is hollow rhetoric that

3  cannot defeat summary judgment."  *Teamsters Local Union No. 117*, 789 F.3d at 994.

4  Therefore, the Court finds that Develle has failed to meet her burden that the statute of

5  limitations should be tolled in this case.

6           With regard to the timeliness of her complaint, Develle asserts that she filed it

7  within the three-year time period.  Dkt. 31 at 2.  Develle asserts that "the last overt act of

8  the Defendants occurred on December 11, 2012," and that she filed her complaint two

9  days prior to expiration on December 9, 2015.  Dkt. 31 at 2.  Develle, however, does not

10  cite to or provide any evidence of an act that occurred on December 11, 2012.  "It is not

11  our task, or that of the district court, to scour the record in search of a genuine issue of

12  triable fact. We rely on the nonmoving party to identify with reasonable particularity the

13  evidence that precludes summary judgment."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th

14  Cir. 1996).  Although this rule seems reasonable, other opinions require the district court

15  to discover evidence "provided" by but not directly cited by a pro se party.  *See e.g.*,

16  *Hauck v. Walker*, 2016 WL 3092209, at *1 (9th Cir. June 2, 2016).  The Court has

17  scoured the record and has discovered one document dated December 11, 2012.  Dkt. 18

18  at 18–23.  This document is a supplemental report authored by Wasley and provided to

19  the state court overseeing the dissolution proceeding.  Develle's claims against Wasley

20  are barred and, Develle fails to show how this document is an overt act by the County.  In

21  other words, Develle has failed to show that this document, the only document the Court

22  has found in the record bearing the relevant date, forms the basis of any claim against the

1   County.  Therefore, the Court grants the County's motion on the issue of the statute of

2   limitations.

3   **IV. ORDER**

4        Therefore, it is hereby **ORDERED** that Poppleton's motion for summary

5   judgment (Dkt. 19), Wasley's joinder in that motion (Dkt. 20), and County's joinder in

6   the motion (Dkt. 21) are **GRANTED**.  The Clerk shall enter **JUDGMENT** in favor of

7   Defendants, remove all other pending motions from the calendar, and close this case.

8        Develle's *in forma pauperis* status is **REVOKED** for the purposes of appeal.

9        Dated this 21st day of July, 2016.

10

11

BENJAMIN H. SETTLE

12   United States District Judge

13

14

15

16

17

18

19

20

21

22